**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANDREW D. COE, #R-07622,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 10-311-GPM** |
| | ) | |
| **WARDEN SCHWARTZ, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Andrew Coe, formerly an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### THE COMPLAINT

Coe states that he is physically challenged, due to a prior gunshot wound that injured his spinal cord.  As a result of that injury, Coe is unable to move his ankle or toes, and his feet are numb.

On August 30, 2009, Coe was moved to a new housing unit, and he discovered that his new cell was a "non physically challenged cell."  Coe advised the wing officer, Defendant Homoya, that he had a medical permit for a lower deck housing assignment with a low bunk as a physically challenged inmate who was to be "medically unassigned."  Homoya told Coe there was nothing he could do about the housing assignment, and that Coe should either accept the housing assignment or go to segregation for refusing that assignment.  Coe chose to avoid segregation and moved into the new cell.

A few hours later, Coe tripped over the bed rail and hit his head on the door, causing injuries to his neck and back.  Coe was taken by stretcher to the medical unit, where he stayed overnight and then was x-rayed the next morning.  Coe was given a soft neck brace and pain medication, and Defendant Obadina ordered that Coe be placed in a cell for physically challenged inmates.  Despite the medical orders, the placement officer, Defendant Sloan, assigned Coe to the same cell where he had sustained his injuries the prior day.  Coe alleges that Sloan also lied to a nurse by stating that all cells on that wing were physically challenged cells.

That same day, August 31, 2009, Coe filed an emergency grievance regarding Sloan's refusal

to follow the medical orders.  The warden, Defendant Schwartz, returned the grievance to Coe on September 4, having deemed his grievance to be a non-emergency.  Coe then submitted the grievance to his counselor, Defendant Hartman, who responded that housing assignments for medical reasons were done at the discretion of medical and administrative personnel.  Dissatisfied, Coe forwarded his grievance to the Grievance Officer, Defendant Deen.  Deen denied the grievance on November 19, stating that housing assignments were an administrative decision.  Coe then appealed that decision to the Administrative Review Board.  Defendant Miller recommended that the grievance be denied, and the Director, Defendant Randle, concurred.

On September 1, 2009, Coe asked Homoya to provide him with "lay in" trays due to his injuries.  Homoya denied that request, advising Coe that he should do his best to get to the dining hall for meals.  On September 2, Coe sent a sick call slip to health care stating that his injuries affected his daily activities, and that he had been denied lay-in trays; he received no response to that request.  From September 4 through October 14, 2009, Coe persisted in sending sick call slips, complaining about denial of meals and showers, about neck pain, about bumping his head on the upper bunk, about wanting a physically-challenged cell, and asking to see the doctor.  He asserts that all of these sick call slips were ignored.[1]

### LEGAL CLAIMS

Coe states that as a result of Defendants' actions, he was deprived of meals, showers, and medical care, in violation his rights under the Eighth Amendment.

A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  A deliberate indifference claim

---

[1]  According to the complaint, Coe submitted ten sick call slips during this period.

premised upon inadequate medical treatment requires, to satisfy the objective
element, a medical condition "that has been diagnosed by a physician as mandating
treatment or one that is so obvious that even a lay person would perceive the need
for a doctor's attention." *Greeno*, 414 F.3d at 653.  The subjective component of a
deliberate indifference claim requires that the prison official knew of "a substantial
risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834.
Mere medical malpractice or a disagreement with a doctor's medical judgment is not
deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414
F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).
Still, a plaintiff's receipt of some medical care does not automatically defeat a claim
of deliberate indifference if a fact finder could infer the treatment was  "so blatantly
inappropriate as to evidence intentional mistreatment likely to seriously aggravate"
a medical condition.  *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation
omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the complaint, the Court cannot dismiss the
claims against the medical personnel, Defendants Obadina and Burns, at this time.  Similarly, the
Court cannot dismiss the claims against the placement officer, Defendant Sloan, or the wing officer,
Defendant Homoya, both of whom are alleged to have made specific decisions regarding Coe's cell
assignment and accommodations made for his condition.

Coe's claims against the remaining defendants, however, are another matter.  Coe seems to
think that any prison employee who knows (or should know) about his problems has a duty to fix
those problems.   That theory is in direct conflict with the well-established rule that "public
employees are responsible for their own misdeeds but not for anyone else's."  *Burks v. Raemisch*,
555 F.3d 592, 596 (7th Cir. 2009); *see also Monell v. Department of Social Services*, 436 U.S. 658
(1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior
does not apply to § 1983 actions).  As Chief Judge Easterbrook stated:

Public officials do not have a free-floating obligation to put things to rights,
disregarding rules (such as time limits) along the way. Bureaucracies divide tasks;
no prisoner is entitled to insist that one employee do another's job.  The division of

labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3ᵈ Cir. 1993).

*Burks*, 555 F.3d at 595. Chief Judge Easterbrook further instructs:

> Section 1983 establishes a species of tort liability, and one distinctive feature of this nation's tort law is that there is no general duty of rescue. *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), shows that this rule applies to constitutional tort law, as to private tort law, for *DeShaney* holds that a public employee who knows about a danger need not act to avert it. As we remarked in *Richman v. Sheahan,* 512 F.3d 876, 885 (7ᵗʰ Cir. 2008), "there is an exception for the case in which [a public employee] is responsible for creating the peril that creates an occasion for rescue, as when, having arrested a drunken driver, [a police] officer removes the key from the ignition of his car, as a result stranding the passengers late at night in an unsafe neighborhood, and he does nothing to protect them". But Salinas did not create the peril facing Burks or do anything that increased the peril, or made it harder for Burks (or anyone else) to solve the problem. The most one can say is that Salinas did nothing, when she might have gone beyond the requirements of her job and tried to help him. A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to supply a gratuitous rescue service.

*Id*. at 596.

Following this reasoning, Coe has failed to state a claim against Defendants Schwartz, Wilson, Randle, Hartline, Miller, Deen, and Hartman regarding his medical care. To the extent that Coe may be raising a claim against these Defendants regarding his grievances, that claim too must fail, because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7ᵗʰ Cir. 1995).

Page 5 of  8

<u>**APPOINTMENT OF COUNSEL**</u>

Coe also filed a motion for appointment of counsel (Doc. 3).  There is no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir.  2010).  When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself."  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).  With regard to the first step of the inquiry, there is no indication that Coe has made any effort to obtain counsel on his own.  Therefore, his motion for the appointment of counsel is **DENIED** without prejudice.

<u>**SUMMARY**</u>

**IT IS HEREBY ORDERED** that Defendants **SCHWARTZ, WILSON, RANDLE, HARTLINE, MILLER, DEEN,** and **HARTMAN** are **DISMISSED** with prejudice from this action.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **OBADINA, BURNS, SLOAN,** and **HOMOYA**:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the Court file nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party

informed of any change in his whereabouts during the pendency of this action.  This notification

shall be done in writing and not later than seven (7) days after a transfer or other change in address

occurs.  Failure to provide such notice will result in dismissal of this action.  *See* FED. R. CIV. P.

41(b).

**IT IS SO ORDERED.**

DATED:  11/15/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge