IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW D. COE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:10-cv-311-GPM-DGW ) |
| OFFICER SLOAN, et al., | ) ) |
| Defendants. | ) |

**ORDER**

Now pending before the Court is a Motion to Stay Discovery filed by Defendants David Homoya and Hiram Sloan on March 11, 2011 (Doc. 29). For the reasons set forth below, this motion is **GRANTED**.

Plaintiff Andrew Coe, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983, claiming that certain Department of Corrections officials violated his constitutional rights. In answering the complaint, Defendants Homoya and Sloan raised the affirmative defense that that Plaintiff did not properly exhaust administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). The Seventh Circuit holds that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Defendants contend that Plaintiff has propounded upon them discovery requests seeking information unrelated to the issue of exhaustion. Under the dictates of *Pavey*, this discovery is improper. Accordingly, the Motion to Stay Discovery is **GRANTED**.

The Court will shortly set a hearing on the issue of failure to exhaust administrative

remedies. After that issue is resolved, discovery on the merits may begin. Until that time, Defendants are not required to respond to discovery requests seeking information on the merits of the case. Neither Plaintiff nor Defendants should seek such discovery until directed to do so by the Court.

**IT IS SO ORDERED.**

**DATED: April 4, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**