IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW D. COE, )
)
    Plaintiff, )
)
v. ) Case No. 3:10-cv-311-GPM-DGW
)
D. HOMOYA, H. SLOAN, C. FENTON, F. )
BARGE, AND WEXFORD HEALTH )
SOURCES, )
)
    Defendants. )

**ORDER**

On March 11, 2011, Defendant Homoya filed a Motion for Summary Judgment in this action arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (Doc. 26). In response, Plaintiff, a prisoner proceeding *pro se*, filed a Motion to Strike the Motion for Summary Judgment (Doc. 31). Plaintiff argues that the Motion for Summary Judgment is improper because Defendant Homoya waived the issue of jurisdiction by answering the complaint, and because the motion was filed before Plaintiff had the opportunity to conduct discovery. In response, Defendant argues that jurisdiction has not and cannot be waived by Defendant, and that the motion was properly filed to challenge the Plaintiff's failure to exhaust his administrative remedies.

**LEGAL STANDARDS**

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are disfavored, however, and will generally be denied unless the portion of the pleading at issue is prejudicial.

*Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial."). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

The Court has reviewed the Motion for Summary Judgment and does not find that it is redundant, immaterial, impertinent, or scandalous. The Court also finds that the filing of the motion was proper, despite the fact that discovery had not formally commenced. The Seventh Circuit holds that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). For these reasons, Plaintiff's Motion to Strike the Motion for Summary Judgment is **DENIED**.

The Court recognizes that Plaintiff may have intended his motion to strike to be a response to Defendant Homoya's Motion for Summary Judgment. Because it is not clear whether that was the Plaintiff's intention, the Court grants Plaintiff an additional 30 days to respond to Defendant Homoya's Motion for Summary Judgment. Plaintiff shall file a response by **May 13, 2011**.

**IT IS SO ORDERED.**

**DATED: April 13, 2011**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**