IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW D. COE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-311-GPM-DGW |
| | ) | |
| OFFICER SLOAN, C/O HOMOYA, C. FENTON, and WEXFORD HEALTH, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER**

Now pending before the Court are Plaintiff's Motion for Default Judgment against Defendant Fenton (Doc. 63), Defendant Fenton's Motion to Set Aside the Entry of Default (Doc. 65), and Motions for Leave to File an Answer Instanter filed by Defendants Homoya, Sloan, and Fenton (Docs. 64 and 67).

**BACKGROUND**

On May 10, 2011, the Court received an executed waiver of service signed by Defendant Fenton (Doc. 50). Defendant Fenton's answer was due on June 27, 2011. Defendant Fenton did not file an answer by that date. On July 11, 2011, the Court issued a Notice of Impending Dismissal, which informed the Plaintiff that Defendant Fenton had not answered the complaint and granted him 21 days in which to move for entry of default against Defendant Fenton pursuant to Fed. R. Civ. P. 55(a) (Doc. 60). Plaintiff moved for an entry of default against Defendant Fenton on July 14, 2011, which the Clerk granted on July 19, 2011 (Docs. 60 and 61). On July 21, 2011, the Plaintiff filed a Motion for Default Judgment against Defendant Fenton (Doc. 63). That motion is currently pending before the Court.

On July 29, 2011, Defendant Fenton filed a Motion to Set Aside the Clerk's Entry of Default (Doc. 65). Defendant Fenton indicated that she was unaware that after executing the waiver of service she was required to request representation from the Office of the Illinois Attorney General. Defendant Fenton believed that Pinckneyville Correctional Center would request representation on her behalf. Because of Defendant Fenton's mistaken assumption, she did not request representation of the Attorney General until July 20, 2011.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) governs vacation of entries of default and default judgments. To set aside an entry of default, the moving party must demonstrate "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted). Default judgments are disfavored; a trial on the merits of the case is preferred. *Id.* at 631. A court applies the rule more liberally to motions seeking relief from entry of default than to motions seeking to vacate a default judgment. *Id.*

Here, Defendant Fenton has shown good cause for the default by demonstrating that the failure to respond to the waiver of service was inadvertent. Defendant Fenton also acted quickly to correct the entry of default by contacting the Illinois Attorney General's Office as soon as she learned that she was to seek the Attorney General's representation in the case. The Assistant Attorney General in turn filed a Motion to Set Aside the Entry of Default shortly after she became aware of the entry of default. Finally, Defendant Fenton has demonstrated a meritorious defense to Plaintiff's claims in that she will argue she is protected from suit brought against her in her individual capacity by the doctrine of qualified immunity and from suit brought against her in her

official capacity by the Eleventh Amendment.

Based upon Defendant Fenton's showing of good cause and the Seventh Circuit's preference for adjudication on the merits of a claim, Defendant Fenton's Motion to Set Aside the Entry of Default (Doc. 65) is **GRANTED**, and the Plaintiff's Motion for Default Judgment (Doc. 63) is **DENIED**. Defendant Fenton's Motion for Leave to File an Answer Instanter (Doc. 67) is **GRANTED**. Defendant Fenton shall electronically file her answer by **August 4, 2011**.

*Motion for Leave to File Answer Instanter filed by Defendants Homoya and Sloan*

Also pending before the Court is a Motion for Leave to File an Answer Instanter filed by Defendants Homoya and Sloan (Doc. 64). Defendants argue that they inadvertently failed to file an answer to the Plaintiff's amended complaint.

A defendant must file an answer to an amended complaint "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). The Court, however, has discretion to allow a defendant to file an answer late when the late-filing party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A court may excuse a failure to timely file when it is "caused by inadvertence, mistake, or carelessness." *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 381 (1993)).

Defendants Homoya and Sloan were both named in the original complaint. They filed their answer to the original complaint on January 18, 2011 (Doc. 21). Plaintiff filed a Motion for Leave to File an Amended Complaint on March 25, 2011. On April 13, 2011, the Court granted that motion, but construed the motion itself as the amended complaint. The amended complaint added three new defendants, C. Fenton, F. Barge, and Wexford Health.

Because the Court considered Plaintiff's motion itself as the amended complaint, it is easy to understand why Defendants Homoya and Sloan were not alerted to the need to file an answer to the amended complaint within the time prescribed under the Federal Rules of Civil Procedure. The Court thus finds that the failure of Defendants Homoya and Sloan to timely answer the amended complaint was the result of excusable neglect. Furthermore, the Court finds no prejudice to Plaintiff in allowing Defendants Homoya and Sloan to file an answer to the amended complaint at this stage of the litigation. Accordingly, the Motion for Leave to File an Answer Instanter filed by Defendants Homoya and Sloan (Doc. 64) is **GRANTED**. Defendants shall electronically file their answer to the amended complaint by **August 4, 2011**.

**IT IS SO ORDERED.**

**DATED: August 2, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**