**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANDREW D. COE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-311-GPM** |
| | ) | |
| **OFFICER SLOAN, C/O HOMOYA, C.** | ) | |
| **FENTON, and WEXFORD HEALTH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 84), recommending that this Court: allow Plaintiff to proceed on his claim against Defendant Sloan; grant Defendants Homoya, Fenton, and Wexford Health's motions for summary judgment (Docs. 36, 71), finding Plaintiff failed to exhaust his administrative remedies prior to filing his 42 U.S.C. § 1983 suit; grant Defendant Wexford Health's motion to dismiss (Doc. 53); and deny Plaintiff's motion to amend the complaint (Doc. 80). The Report and Recommendation was entered on October 11, 2011. No objections have been filed.

Plaintiff Andrew D. Coe, currently an inmate in Pinckneyville Correctional Center, filed this case for deliberate indifference to medical needs. He claims that he was deprived of meals, showers, and medical care in violation of the Eighth Amendment (Doc. 8). Mr. Coe's claims against Defendants Obadina, Burns, Sloan, and Homoya survived threshold review. On March 25, 2011, Mr. Coe filed an amended complaint, adding Defendants Fenton, Barge, and Wexford Health.

Defendants Obadina and Burns were dismissed on April 4, 2011 for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). Defendants Homoya and Wexford Health moved for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Docs. 26, 71). Wexford Health also filed a motion to dismiss, arguing that it could not be held liable via respondeat superior for the acts of its former employee Dr. Obadina (Doc. 53). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' failure-to-exhaust motions. During the *Pavey* hearing, Defendant Fenton made an oral motion for summary judgment on the issue of exhaustion (she had raised the issue of exhaustion in her answer) (Doc. 82). Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court. The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where–as here–neither timely nor specific objections to the Report and

Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Defendant Sloan did not file any motion regarding exhaustion, and at the hearing before Magistrate Judge Wilkerson, all parties admitted that Plaintiff fully exhausted his administrative remedies with regard to Defendant Sloan. However, the Court credits Judge Wilkerson's assessment that Mr. Coe's evidence regarding Defendant Homoya was not credible. The grievance Mr. Coe filed with his original complaint did not mention Defendant Homoya. When Mr. Coe did submit a grievance against Defendant Homoya to the Court, there were no authenticating marks or stamps and no evidence that he had appealed any decision related to the report. The Chairperson of the Administrative Review Board (ARB) averred that the ARB never received any grievance regarding Defendant Homoya from Mr. Coe. As to Defendant Fenton, Mr. Coe adduced no evidence at the hearing that he had filed a grievance against her, much less pursued such a grievance to administrative exhaustion. Neither was there evidence of any grievance against Defendant Wexford Health. Though Mr. Coe claims that his grievances against former Defendant Obadina make Wexford Health liable, the Court concurs with the rationale of the Report and Recommendation–Mr. Coe failed to present any evidence of a policy or procedure that would permit Wexford Health's liability under 42 U.S.C. § 1983. The Court agrees with Judge Wilkerson's characterization of Mr. Coe's pending motion for leave to file an amended complaint (Doc. 80)–it is more properly construed as a response to Wexford Health's motion to dismiss. Neither does the information Mr. Coe alleges in that pending motion state a claim under 42 U.S.C. § 1983 against Wexford Health.

Mr. Coe therefore did not fully exhaust his administrative remedies prior to filing suit as to Defendants Homoya, Fenton, and Wexford Health, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).  Nor has Mr. Coe stated a constitutional violation against Wexford Health.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 84) and **GRANTS** Defendants Homoya and Wexford Health's motions for summary judgment for failure to exhaust administrative remedies (Docs. 36, 71).  Defendant Fenton's oral motion for summary judgment for failure to exhaust is likewise **GRANTED.**  Defendant Wexford Health's motion to dismiss for failure to state a cause of action under 42 U.S.C. § 1983 is also **GRANTED**. Plaintiff's motion for leave to file an amended complaint is **DENIED.**  Plaintiff's action as against Defendants Homoya, Fenton, and Wexford Health is **DISMISSED**.  Plaintiff's claim against Defendant Sloan shall proceed.

**IT IS SO ORDERED.**

DATED: November 29, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge